NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK HASZ; SHAUN HOLLAND,

Plaintiffs - Appellants,

v.

STATE OF ARIZONA; JAMES KIMBLE,

Defendants - Appellees.

No. 24-5773

D.C. No.
2:22-cv-00667-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted July 15, 2026[**]

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

Mark Hasz and Shaun Holland, former employees of the Arizona

Department of Corrections, Rehabilitation, and Reentry ("ADCRR"), appeal pro se

from the district court's summary judgment in their action under 42 U.S.C. § 1983

and state law alleging they were fired in retaliation for whistleblowing about prison

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

conditions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025). We reverse and remand.

To establish a prima facie case of retaliation, a public employee plaintiff must show that: (1) he spoke on a matter of public concern; (2) he spoke as a private citizen; and (3) his protected speech was a "substantial or motivating factor" in the adverse employment action. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009); *see also Burch*, 146 F.4th at 832–33. The third element may be established through direct or circumstantial evidence and ordinarily presents a question for the jury. *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 980 (9th Cir. 2002). A plaintiff may establish retaliatory motive with evidence that (1) the speech and adverse action were proximate in time, (2) the employer expressed opposition to the speech, or (3) the employer's proffered explanations for the adverse action were false and pretextual. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). Evidence of any one of these factors may be sufficient. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1063 (9th Cir. 2013). Protected speech need not be the sole cause of the adverse action. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929–30 (9th Cir. 2004).

Hasz and Holland met their burden of establishing a prima facie case of a retaliatory motive in three ways.

First, the timing supports an inference of retaliatory motive. *See Burch*, 146 F.4th at 838 (holding the "timeline of events" supported a causal connection). Nine months elapsed between Hasz's initial whistleblowing letter to his superiors, the governor, and the media, and his termination. Eleven months elapsed between Holland's corresponding disclosure and his termination. In addition, the investigations into the use-of-force incident that ultimately led to both terminations began four months after Hasz's letter and seven months after Holland's. This timing falls "within the range that has been found to support an inference that an employment decision was retaliatory." *Allen v. Iranon*, 283 F.3d 1070, 1077–78 (9th Cir. 2002) (holding 11-month gap supported inference).

Second, the Buckley Unit reassignments provide additional circumstantial evidence of retaliatory motive. One month after Hasz's letter and four months after Holland's, both were reassigned to the Buckley Unit on the same date. No lieutenant position was available for Hasz because the Buckley lieutenant positions were filled, so he was assigned to oversee the kitchen. The timing and coordinated nature of the reassignments—together with Hasz's placement in a unit with no available lieutenant position—support an inference that plaintiffs' protected speech played a role in ADCRR's personnel decisions, including the termination.

Third, Hasz and Holland presented sufficient evidence to raise a triable issue that ADCRR's stated reasons for terminating them were pretextual. They contend

that the original use-of-force incident report—referenced during the investigations and cited in the Human Resources memorandum recommending dismissal—was altered. Specifically, they assert that Shift Commander Weston initially deemed the use of force justified and appropriate, but ADCRR later circulated a version reflecting the contrary conclusion of Lieutenant Hoyt, a shift commander who was not on site at the time of the incident. This modification, which defendants do not address in their briefing, provides circumstantial evidence from which a jury could find that ADCRR's primary stated reason for the terminations—the use-of-force incident—was false or pretextual. *See id.* at 1078 (holding a superior's misrepresentations about the reasons for an adverse action, along with departure from standard procedures, supported an inference of pretext).

Defendants' reliance on Hasz and Holland's disciplinary histories provides further evidence of pretext. The Human Resources memorandum recommended dismissal based on the use-of-force incident in conjunction with plaintiffs' prior disciplinary histories. Yet despite numerous prior disciplinary incidents—and although the ADCRR chart cited in the memorandum indicates dismissal could have been warranted much earlier—Hasz and Holland were not terminated until after they engaged in protected speech. A jury could therefore infer that ADCRR invoked plaintiffs' disciplinary histories after the fact to justify terminations motivated, at least in part, by their protected disclosures. *See, e.g., Anthoine v. N.*

4                                                                 24-5773

*Cent. Counties Consortium*, 605 F.3d 740, 751–52 (9th Cir. 2010) (holding plaintiff presented evidence of pretext where employer tolerated misconduct until plaintiff engaged in protected speech); *Allen*, 283 F.3d at 1077–78 (concluding that plaintiff submitted sufficient circumstantial evidence of retaliatory motive where discipline followed criticism despite prior disputes going undisciplined). Thus, plaintiffs raised a triable dispute as to whether their protected speech was a motivating factor in their dismissal.

That triable showing, however, does not itself establish a First Amendment violation. Once a plaintiff establishes a prima facie case, the burden shifts to defendants to show steps four and five: either adequate justification for the terminations or that they would have terminated plaintiffs even absent the protected speech. *See Burch*, 146 F.4th at 833; *Eng*, 552 F.3d at 1072. These are fact-bound questions, *see Ellins*, 710 F.3d at 1064, that the district court did not reach. Although we may affirm on any ground supported by the record, the remaining issues turn on an assessment of the evidence rather than pure questions of law; the district court is better suited to consider them in the first instance. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *MacIntyre v. Carroll Coll.*, 48 F.4th 950, 956 (9th Cir. 2022).

Hasz and Holland raised a genuine dispute of material fact as to whether they were fired "for" their "disclosure of information" under state law for the same

reasons.  Ariz. Rev. Stat. § 38-532(A).  And defendants' argument that Kimble was not a proper defendant also does not support affirmance.  Hasz and Holland submitted evidence that Kimble was involved in a decision to transfer plaintiffs to a different assignment.  The district court concluded that plaintiffs took that evidence out of context, but defendants offer only a competing interpretation, creating a triable dispute.  Plaintiffs also submitted evidence that Kimble signed and delivered their notices of dismissal.  And section 11.6 of Department Order 601, on which defendants rely, states that "[w]ardens . . . are authorized to administer discipline to employees under their supervision."

We therefore reverse the grant of summary judgment on Hasz and Holland's First Amendment and state-law claims because the district court erred in concluding no triable issue remained as to causation.  *See Ulrich*, 308 F.3d at 980–81.  Because the district court did not reach steps four and five of the analysis, we remand for further proceedings.

**REVERSED and REMANDED.**